## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MITCHELL WASILEWSKI,**
on behalf of himself and all other
persons similarly situated, known and
unknown,

        Plaintiff,

vs.

**SILVERSTAR DELIVERY LTD,**
**GOLD STANDARD**
**TRANSPORTATION, INC.**, and
**AMAZON.COM, LLC**,

        Defendants.

Case No: 2:18-cv-12167-AJT-EAS
Hon. Arthur J. Tarnow
Magistrate Judge Elizabeth A. Stafford

_____/

Bryan Yaldou (P70600)
Omar Badr (P70966)
LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

Daniel L. Villaire
HOWARD & HOWARD
450 West Fourth Street,
Royal Oak, MI 48067
Phone: 248.723.0529
Fax: 248.645.1568
dlv@h2law.com
*Attorney for Defendant Silverstar*
*Delivery LTD and Defendant Gold*
*Standard Transportation, Inc.*

Stephanie L. Sweitzer (P66376)
Meredith E. Riccio
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
Phone: 312-324-1000
Fax: 312-324-1001
meredith.riccio@morganlewis.com
*Attorneys for Defendant Amazon.com,*
*LLC.*

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Mitchell Wasilewski ("Plaintiff") and Defendants Silverstar Delivery LTD. ("Silverstar"), Gold Standard Transportation, Inc. ("Gold Standard"), and Amazon.com, LLC ("Amazon") (together, "Defendants") (collectively, the "Parties"), by their attorneys, hereby move this Court to issue an Order approving the Parties' Confidential Settlement Agreement and Release ("Settlement Agreement"). In support of their motion, the Parties state as follows:

1.      On July 11, 2018, Plaintiff filed a Complaint on behalf of himself and all other persons, known and unknown, alleging Plaintiff and other similarly situated delivery drivers were not paid at least one and one-half their regular rate of pay for hours worked over 40 in a workweek in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA") and the Michigan Workforce Opportunity Wage Act ("WOWA"), MCL § 408.411 *et seq*. and Defendants did not pay minimum wage in violation of WOWA. (Dkt. No. 1). The Michigan claims were also filed as Class Action claims under Federal Rule of Civil Procedure 23. Each Defendant denies any and all liability and denies that Defendant Amazon and/or Defendant Gold Standard are joint employers of Defendant Silverstar's drivers.

2.      By separate Motion, Plaintiff has requested dismissal of the collective action claims as well as the Rule 23 state law claims. A nearly identical lawsuit was filed prior to the filing of Plaintiff's Complaint. Plaintiff is a putative collective

2

member of that earlier-filed action, *Aaron Smith v. Silverstar Delivery Ltd., and Amazon.com LLC*, No. 2:18-cv-10501-DML-RSW (E.D. Mich. Feb. 12, 2018). When Plaintiff became aware of the earlier-filed action, he declined to opt in to the *Smith* matter. Instead, he elected to resolve his claims with Defendants on an individual basis. Nothing about this case, or this settlement, will have any adverse effect on any claim of any past or present employee of Defendant Silverstar.

3.      The Parties have agreed to resolve Plaintiff's individual claims and have memorialized that agreement in a Confidential Settlement Agreement and Release. A copy of that Settlement Agreement has been provided with the Parties' courtesy copy of this motion to the Court's chambers. The Parties submit the proposed settlement is a fair and reasonable settlement of a bona fide dispute over Plaintiff's claims under the FLSA and WOWA.

4.      The proposed settlement was reached through arms' length negotiations by experienced wage-and-hour attorneys, after the Parties became intimately familiar with the facts of the case and Silverstar's available time and pay records.

5.      All Parties have entered into this settlement voluntarily and knowingly and all understand fully the meaning and effect of their actions. Furthermore, the Parties agree that the settlement is in the best interest of the Plaintiff, as it enables him to recover the allegedly unpaid overtime without the uncertainty associated with litigation and the necessity or delay of trial or possible appeals.

6.     Because this action was brought under the FLSA, the Parties seek the Court's approval of the terms of the settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 65 S. Ct. 895, 89 L. Ed. 1296 (1945) (requiring Court or Department of Labor approval for FLSA settlements and explaining low standard for judicial review when parties are represented by counsel).

7.     It is the Parties' intention that the settlement entered into in this matter shall constitute full and final settlement of the Plaintiff's claims that were alleged or could have been brought in this matter.   Accordingly, within seven (7) days following Plaintiff's counsel receiving the final payment from Silverstar, to the Plaintiff, Plaintiff's counsel shall file a stipulation of dismissal with the Court, with such dismissal to be with prejudice as to the Plaintiff.

WHEREFORE, the Parties respectfully move the Court to issue an Order approving the Parties' settlement.

DATED: March 29, 2019

Respectfully Submitted,

s/ Bryan Yaldou
Bryan Yaldou (P70600)
LAW OFFICE OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com

*Attorneys for Plaintiff*

/s Daniel Villaire
Daniel L. Villaire
Howard & Howard
450 West Fourth Street,
Royal Oak, MI 48067
Phone: 248.723.0529
Fax: 248.645.1568
dlv@h2law.com
*Attorney for Defendant Silverstar*
*Delivery LTD and Defendant*
*Gold Standard Transportation, Inc.*

/s Stephanie L. Sweitzer
Stephanie L. Sweitzer (P66376)
Meredith E. Riccio
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
Phone: 312-324-1000
Fax: 312-324-1001
meredith.riccio@morganlewis.com

*Attorneys for Defendant Amazon.com DEDC LLC and*
*Defendant Amazon.com, Inc.*