UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M‌ITCHELL W‌ASILEWSKI,

    Plaintiff,

v.

S‌ILVERSTAR D‌ELIVERY, ET AL.,

    Defendants.

_____/

Case No. 18-12167

S‌ENIOR U.S. D‌ISTRICT J‌UDGE
A‌RTHUR J. T‌ARNOW

U.S. M‌AGISTRATE J‌UDGE
E‌LIZABETH A. S‌TAFFORD

**O‌RDER G‌RANTING THE P‌ARTIES' J‌OINT M‌OTION FOR A‌N A‌PPROVAL OF S‌ETTLEMENT [12] AND A‌PPROVING THE S‌ETTLEMENT**

Both Plaintiff and Defendants move the Court to approve their March 14, 2019 settlement of this Fair Labor Standards Act ("FLSA") case. Considering the congressional intent of the Fair Labor Standards Act of 1938, the Supreme Court in 1945 held that FLSA settlements must be approved by either a court or the Department of Labor. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945). The judicial approval requirement to FLSA settlements was animated by the principle that a private cause of action could not be waived if such a waiver "contravenes the statutory policy." *Id.* at 704.

"To approve such a settlement, the court must conclude that it fairly and reasonably resolves a bona fide dispute over FLSA provisions and that the lawsuit has in fact provided the adversarial context to protect the employee's interests from employer overreaching." *Thompson v. United Stone, LLC*, 2015 U.S. Dist. LEXIS 24741, *3 (E.D. Tenn. Feb. 9, 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)). In the class action context, the Sixth Circuit has held that, "Before approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007).

This case was never certified as a class action, however. A nearly identical suit is proceeding as a class action in *Aaron Smith v. Silverstar Delivery Ltd.*, No. 2:18-cv-10501-DML-RSW (E.D. Mich. Feb. 12, 2018). In such a case as this one, where the class's interests are not at issue, no public policy reason for rejecting the settlement has been raised, and both employer and employee are represented by counsel, some courts have found that judicial approval is not necessary. *Lliguichuzhca v. Cinema 60, L.L.C.*, 948 F.Supp.2d 362 (S.D.N.Y. 2013). Nevertheless, absent some authority in this Circuit holding that judicial approval is no longer necessary, it is understandable that the parties seek approval to protect their settlement.

Having reviewed the March 14, 2019 Settlement, the Court finds that it resulted from an arms-length negotiation in an adversarial context.

Accordingly,

**IT IS ORDERED** that the Parties Joint Motion for an Approval of Settlement [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Parties' March 14, 2019 Settlement is **APPROVED**.

**SO ORDERED**.

|  |  |
|---|---|
| Dated: April 16, 2019 | s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge |